**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ROGER E. GREER,
      Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,
      Agency.

DOCKET NUMBER
SF-0842-19-0354-I-1

DATE: July 8, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Brook L. Beesley, Alameda, California, for the appellant.

Sherri A. McCall, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction the appeal of the reconsideration decision of the Office of Personnel Management (OPM) denying his request for enhanced retirement annuity benefits under the Federal Employees' Retirement System

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

(FERS). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

As properly explained in the initial decision, when OPM completely rescinds a final decision, its rescission completely divests the Board of jurisdiction over the appeal in which that decision is at issue and the appeal must be dismissed. Initial Appeal File (IAF), Tab 12, Initial Decision (ID) at 2; *see Frank v. Office of Personnel Management*, 113 M.S.P.R. 164, ¶ 7 (2010); *see also Rorick v. Office of Personnel Management*, 109 M.S.P.R. 597, ¶ 5 (2008). Here, the administrative judge dismissed the appeal for lack of jurisdiction based on her finding that OPM has completely rescinded its final decision. ID at 2-3.

On petition for review, the appellant reasserts his argument that OPM has not completely rescinded its final decision because he has not received all the relief to which he would be entitled if the appeal had been adjudicated and he had prevailed. Petition for Review (PFR) File, Tab 1 at 3-4; IAF, Tab 11 at 2. In particular, he argues that he has not been granted retirement benefits and he cites Board case law on mootness. PFR File, Tab 1 at 3-4. However, the administrative judge did not dismiss the appeal as moot. Instead, she properly

dismissed the appeal for lack of jurisdiction after OPM's rescission of its final decision and stated intention to issue a new one. ID at 2-3; *see, e.g., Rorick,* 109 M.S.P.R. 597, ¶¶ 5-6. Moreover, she properly noted that, although OPM's rescission of a reconsideration decision divests the Board of jurisdiction over an appeal, it does not necessarily render an appeal moot. ID at 3; *see Rorick,* 109 M.S.P.R. 597, ¶ 6. Therefore, the appellant's arguments regarding relief and mootness are inapposite.

The appellant further argues that OPM rescinded its final decision to cause undue delay and prejudice to him. PFR File, Tab 1 at 4. This conclusory allegation of OPM's bad faith, without more, does not articulate a basis for Board jurisdiction. In addition, his dispute of OPM's application of FERS statutes and regulations concerns the merits of the appeal, which are irrelevant to the jurisdictional issue before the Board. PFR File, Tab 1 at 3; *see, e.g., Sapla v. Department of the Navy,* 118 M.S.P.R. 551, ¶ 7 (2012) (finding that the appellant's arguments on the merits of her appeal were not relevant to the jurisdictional question).

Finally, the appellant's remaining arguments do not provide a reason to disturb the initial decision. He challenges the administrative judge's decisions to dismiss the appeal without holding the requested hearing, and to stay the discovery process and OPM's obligation to produce the agency file. PFR File, Tab 1 at 1-2; IAF, Tab 10. For the reasons discussed above, we are not persuaded by the appellant's claim that such procedures would have provided him with relevant evidence regarding relief and OPM's application of FERS statutes and regulations. PFR File, Tab 1 at 2. Moreover, the appellant has failed to make a nonfrivolous allegation[2] of jurisdiction warranting a hearing. *See Edwards v. Department of the Air Force,* 120 M.S.P.R. 307, ¶ 6 (2013) (explaining that an appellant generally is entitled to a jurisdictional hearing if he makes a

---

[2] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

nonfrivolous allegation of Board jurisdiction over the appeal). Thus, we find that he has failed to prove that the administrative judge abused her discretion or committed a procedural error that harmed his substantive rights. *See Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 15 (2013) (recognizing that an administrative judge has broad discretion in ruling on discovery matters and, absent an abuse of discretion, the Board will not find reversible error in such rulings); *see also Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (finding that an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

Accordingly, we affirm the initial decision dismissing this appeal for lack of jurisdiction. If the appellant is dissatisfied with any subsequent OPM reconsideration or final decision regarding his request for retirement benefits, he may appeal that decision to the Board. *See* 5 U.S.C. § 8461(e)(1); 5 C.F.R. § 841.308. Any future appeal must be filed within the time limits set forth in the Board's regulations. *See* 5 C.F.R. § 1201.22(b)(1).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:        _____
                       Gina K. Grippando
                       Clerk of the Board
Washington, D.C.